IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01667-CMA-MJW

SEE-SAW SHUMAKER,

Plaintiff,

v.

ERIK K. SHINSEKI, Secretary, Department of Veterans Affairs,

Defendant.

---

**RECOMMENDATION ON
DEFENDANT'S PARTIAL MOTION TO DISMISS
(Docket No. 30)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 4) issued by Judge Christine M. Arguello on July 11, 2012.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following in her First Amended Complaint (Docket No. 9). Plaintiff was employed as a Security Assistant by the U.S. Department of Veterans Affairs (hereinafter "defendant") beginning on March 19, 2006 in Denver, Colorado. While employed by defendant, plaintiff was subjected to harassing behavior by supervisory personal, including sexual comments and sexual advances. In addition, plaintiff was subjected to hostile remarks related to her gender made by her co-workers.

At some point in 2007, plaintiff was suspended for five days due to alleged violations of policy. Plaintiff filed a complaint with the agency based upon gender and

retaliation.  An Administrative Law Judge heard plaintiff's complaint, and, on August 3, 2011, awarded damages to plaintiff, including back pay and benefits.  In addition, defendant was required to withdraw the five day suspension from plaintiff's employment record.

Plaintiff continued to be subjected to sexual harassment and gender harassment at work.  Individuals who harassed plaintiff were not disciplined.  Plaintiff and five other individuals filed a union grievance through the American Federation of Government employees.  Although it was requested that these six whistle blowers remain anonymous, plaintiff's name was disclosed as one of the complaining employees.  At some point following her EEO complaints and union activities, plaintiff was terminated.

Plaintiff's First Amended Complaint (Docket No. 9) includes six claims.  On July 23, 2013, Judge Arguello entered an Order (Docket No. 39) granting the parties' stipulation to dismiss Claims Four and Five without prejudice.  Accordingly, Claims One, Two, Three, and Six remain.  Claim One is for gender discrimination and harassment pursuant to Title VII and the Colorado Unfair Employment Practices Act.  Claim Two is for retaliation pursuant to Title VII and the Colorado Unfair Employment Practices Act.  Claim Three is for violation of public policy: whistle blower complaint.  Claim Six is for violation of the Equal Pay Act.

**PENDING MOTION**

Now before the court for a report and recommendation is defendant's Partial Motion to Dismiss (Docket No. 30).  The court has carefully considered the First Amended Complaint (Docket No. 9), the subject motion (Docket No. 30), plaintiff's response (Docket No. 38), and defendant's reply (Docket No. 40).  In addition, the court

3

has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  Motions to dismiss pursuant to Rule 12(b)(1) take two forms.  First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  See id. at 1003.  A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56.  See id.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32

(10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to [those] conclusions' . . . ."  Khalik, 671 F.3d at 1190 (quoting Ashcroft v.

Iqbal, 556 U.S. 662 (2009)).  "Accordingly, in examining a complaint under Rule

12(b)(6), [the court] will disregard conclusory statements and look only to whether the

remaining, factual allegations plausibly suggest the defendant is liable."  Id.

**ANALYSIS**

In its Partial Motion to Dismiss (Docket No. 30), defendant argues that plaintiff

failed to exhaust administrative remedies as to her termination and gender

discrimination claims.  Accordingly, defendant argues that Claims One and Three

should be dismissed in their entirety, and Claim Two should be dismissed to the extent

it involves plaintiff's termination.

Exhaustion of administrative remedies is a jurisdiction prerequisite to a private

right of action under Title VII.  See McDonald-Cuba v. Santa Fe Protective Servs., Inc.,

644 F.3d 1096, 1101 (10th Cir. 2011).  Because it is a bar to subject matter jurisdiction,

the burden is on the plaintiff to show exhaustion of administrative remedies.  United

States v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1278 (10th Cir. 2001).  Exhaustion of

administrative remedies in employment discrimination claims requires a plaintiff to have

previously filed an administrative charge with the EEOC.  See Woodman v. Runyon,

132 F.3d 1330, 1341 (10th Cir. 1997).  Alternatively, in "mixed cases," a plaintiff may file

an appeal with the Merit Systems Protection Board ("MSPB").  Harms v. I.R.S., 321

F.3d 1001, 1005 (10th Cir. 2003).  A EEO complaint and a MSPB appeal may not be

pursued simultaneously.  Id.

6

"A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). "[T]he charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." Jones, 502 F.3d at 1186.

The parties agree that plaintiff filed a total of three EEO complaints and one MSPB action. Plaintiff does not dispute that the three EEO complaints and one MSPB action were filed prior to plaintiff's March 2011 termination. Plaintiff does not contend that any of the EEO complaints or MSPB action were amended to include plaintiff's termination. Accordingly, plaintiff's EEO complaints and MSPB action cannot, and do not, contain the basis of any claims based on plaintiff's termination because plaintiff's termination had yet to occur at the time they were filed. See Jones, 502 F.3d at 1186 ("[A]ny adverse employment actions occurring after [the plaintiff] submitted his administrative charge . . . would not fall within the scope of the charge.").

Plaintiff appears to argue that, because the complaints were pending at the time she was terminated, and because plaintiff filed this action within ninety days after receiving the FAD on her Third EEO complaint, she successfully exhausted her administrative remedies. Plaintiff does not cite any legal authority for her argument. Regardless, it appears to the court that plaintiff is arguing under a "continuing violation" theory. That theory has been rejected by the Supreme Court and the Tenth Circuit. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115-16 (2002); Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003).

Accordingly, the court finds that plaintiff has failed to her exhaust administrative

remedies as to any claims involving her termination. As such, plaintiff's claims, insofar as they involve her termination, must be dismissed for lack of subject matter jurisdiction.

Defendant also argues that plaintiff failed to exhaust her administrative remedies as to her gender discrimination claim. Regarding plaintiff's First EEO complaint, the Administrative Judge ("AJ") issued a favorable decision on the complaint on July 29, 2011. The AJ's decision was affirmed by the VA on September 9, 2011. Plaintiff's Second EEO complaint also resulted in a favorable decision by the AJ. The VA affirmed the AJ's decision as to plaintiff's Second EEO complaint on August 22, 2011. Plaintiff had ninety days from those dates to seek *de novo* review of the case. See Timmons v. White, 314 F.3d 1229, 1233-34 (10th Cir. 2003). Plaintiff did not file her complaint in this matter until June 26, 2012. Accordingly, plaintiff's First and Second EEO complaints cannot not be the basis for exhaustion of her administrative remedies. Finally, while this matter was brought within ninety days of the decision on plaintiff's Third EEO complaint,[1] plaintiff's Third EEO complaint does not make any allegations related to gender discrimination. See Docket No. 30-7.[2]

Accordingly, the court finds that plaintiff has failed to exhaust her administrative remedies as to any claims involving gender discrimination. As such, plaintiff's claims, insofar as they involve gender discrimination, must be dismissed for lack of subject

---

[1] As such, the only Title VII allegations properly before this court are those contained in the Third EEO complaint. Those allegations can be fairly read as retaliation in the form of harassment and hostile work environment.

[2] The issue of whether plaintiff exhausted her administrative remedies is not intertwined with the merits of her claims. As such, the court may consider the Exhibit A to the subject motion and its attachments without converting the subject motion to a motion for summary judgment. See Sizova v. Nat'l Ins't of Standards & Tech., 282 F.3d 1329, 1324-25 (10th Cir. 2002).

matter jurisdiction.

## RECOMMENDATION

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendant's Partial Motion to Dismiss (Docket No. 30) be

**GRANTED**, and Claims One and Three be dismissed in their entirety, and Claim Two

be dismissed to the extent it includes a claim that plaintiff was terminated in March 2011

in retaliation for engaging in a protected activity.


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives de novo review of the**

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  September 23, 2013             s/ Michael J. Watanabe
       Denver, Colorado              Michael J. Watanabe
                                     United States Magistrate Judge