IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01667-CMA-MJW

SEE-SAW SHUMAKER,

Plaintiff,

v.

ERIK K. SHINSEKI, Secretary, Department of Veterans Affairs,

Defendant.

**RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, JUDGMENT ON THE
PLEADINGS
(Docket No. 31)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 4) issued by Judge Christine M. Arguello on July 11, 2012.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges the following in her First Amended Complaint (Docket No. 9). Plaintiff was employed as a Security Assistant by the U.S. Department of Veterans Affairs (hereinafter "defendant") beginning on March 19, 2006 in Denver, Colorado. While employed by defendant, plaintiff was subjected to harassing behavior by supervisory personal, including sexual comments and sexual advances. In addition, plaintiff was subjected to hostile remarks related to her gender made by her co-workers.

At some point in 2007, plaintiff was suspended for five days due to alleged violations of policy. Plaintiff filed a complaint with the agency based upon gender and

retaliation. An Administrative Law Judge heard plaintiff's complaint, and, on August 3, 2011, awarded damages to plaintiff, including back pay and benefits. In addition, defendant was required to withdraw the five day suspension from plaintiff's employment record.

Plaintiff continued to be subjected to sexual harassment and gender harassment at work. Individuals who harassed plaintiff were not disciplined. Plaintiff and five other individuals filed a union grievance through the American Federation of Government employees. Although it was requested that these six whistle blowers remain anonymous, plaintiff's name was disclosed as one of the complaining employees. At some point following her EEO complaints and union activities, plaintiff was terminated.

Plaintiff's First Amended Complaint (Docket No. 9) includes six claims. On July 23, 2013, Judge Arguello entered an Order (Docket No. 39) granting the parties' stipulation to dismiss Claims Four and Five without prejudice. Furthermore, the court has contemporaneously entered a Recommendation (Docket No. 62) recommending that Claims One and Three be dismissed in their entirety, and Claim Two be dismissed to the extent it includes a claim that plaintiff was terminated in March 2011 in retaliation for engaging in a protected activity. The remaining portion of Claim Two involves a hostile work environment/harassment claim for retaliation. Accordingly, that portion of Claim Two, and the entirety of Claim Six, remain for the court's consideration.

**PENDING MOTION**

Now before the court for a report and recommendation is defendant's Motion for Summary Judgment, Judgment on the Pleadings (Docket No. 31). The court has carefully considered the First Amended Complaint (Docket No. 9), the subject motion

3

(Docket No. 31), plaintiff's response (Docket No. 37), and defendant's reply (Docket No. 41). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Bd. of Cnty. Comm'rs of the Cnty. of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried . . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp. 2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but the content or

substance of the evidence must be admissible. Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because a third party's description of a witness supposed testimony is not suitable grist for the summary judgment mill." Adams v. Am. Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (internal citations and quotations omitted).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp. 2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Id. "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Id. at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

**ANALYSIS**

Defendant makes the following arguments in its Motion for Summary Judgment, Judgment on the Pleadings (Docket No. 31): (1) defendant is entitled to summary judgment on plaintiff's claim of retaliation in the form of hostile work

environment/harassment brought under Claim Two; and (2) defendant is entitled to judgment on the pleadings and summary judgment on plaintiff's claim of violation of the Equal Pay Act brought under Claim Six.

**1. Claim Two - Retaliation**

Title VII forbids retaliation against an employee because she has "opposed" any practice made unlawful by Title VII, or because she has "participated . . . in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Where there is no direct evidence of retaliation, a retaliation claim is analyzed under the McDonnell Douglas burden-shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Jeffries v. State of Kansas, 147 F.3d 1220, 1231 (10th Cir. 1998) (applying the McDonnell Douglas framework to a claim of retaliation). Following this framework, an employee must first present a prima facie case of retaliation, which then shifts the burden to the employer to produce a legitimate, nondiscriminatory justification for taking the disputed employment action. Jones v. Barnhart, 349 F.3d 1260, 1266 (10th Cir. 2003). If the employer provides a legitimate, non-discriminatory justification for the action, the burden shifts back to the employee to provide evidence showing that the employer's proffered reason is a pretext for discrimination. Id. An employee may demonstrate pretext by showing the employer's proffered reason was so inconsistent, implausible, incoherent, or contradictory that it is unworthy of belief. Bausman v. Interstate Brands Corp., 252 F.3d 1111, 1120 (10th Cir. 2001).

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she "engaged in protected opposition to discrimination"; (2) she "suffered an adverse

6

employment action"; and (3) "there is a causal connection between the protected activity and the adverse employment action." Petersen v. Utah Dep't of Corr., 301 F.3d 1182, 1188 (10th Cir. 2002) (quotation omitted).

Here, there is no dispute that plaintiff's EEO complaints are protected activity. However, there is a dispute as to the second element. Although the court must liberally construe the phrase adverse employment action, the action must amount to "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or . . . causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). Mere inconveniences or alterations of job responsibilities do not rise to the level of an adverse employment action. Annett v. Univ. of Kansas, 371 F.3d 1233, 1239 (10th Cir. 2004). In addition, a causal connection may be established by proffering "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1320 (10th Cir. 1999) (quotation omitted); Annett, 371 F.3d at 1239-40.

The following harassment actions,[1] as found in plaintiff's Third EEO complaint (Docket No. 31-7), necessarily constitute the entirety of plaintiff's claimed adverse employment actions:[2] (1) being accused of and investigated for misuse of the OnGuard

---

[1] The court will consider each action individually for plaintiff's claim of harassment, and the actions in the aggregate for plaintiff's claim of hostile work environment. See Stover v. Martinez, 382 F.3d 1064, 1071 (10th Cir. 2004) (noting with approval the district court's similar handling of harassment and hostile work environment claims); but see Porter v. Cal. Dep't of Corr., 419 F.3d 885, 893 (9th Cir. 2005) (refusing to "mix" discrete acts with other acts to find a hostile work environment).

[2] The only Title VII allegations properly before this court are those contained in the Third EEO complaint. See the court's Recommendation (Docket No. 62) on plaintiff's Partial Motion

7

(badging/ID) system; (2) having her "quick reaction work tools" in her work station in the VAPD Communications Center torn down; (3) having her physical access privileges to the closest staff controlled restroom revoked; (4) being investigated for reporting a system security deficiency; (5) having her shift bid request denied; and (5) being directed to "accomplish routine work by specific, and unreasonable deadlines."

Defendant argues that these actions do not constitute adverse employment actions, and thus plaintiff has failed to meet her burden to establish a prima facie case of retaliation. The court agrees with defendant.

None of the actions detailed in plaintiff's Third EEO complaint constitute "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or . . . causing a significant change in benefits." Burlington, 524 U.S. at 761. Furthermore, none of the actions can be said to have harmed plaintiff's "future employment prospects." See Hillig v. Rumsfeld, 381 F.3d 1028, 1031 (10th Cir. 2004). Rather, the court finds that actions constitute "a mere inconvenience or an alteration of job responsibilities." See Sanchez v. Denver Pub. Schs., 164 F.3d 527, 532 (10th Cir. 1998).

Plaintiff was investigated for misuse of the OnGuard system and for reporting a system security deficiency, however plaintiff does not allege that these investigations resulted in any kind of punishment or material change in plaintiff's employment. Investigations into an individual's employment history, job performance, or an employment-related incident does not constitute an adverse employment action. See

---

to Dismiss (Docket No. 30) for further explanation.

Green v. Donahoe, No. 10-cv-02201-LTB-KMT, 2013 WL 424777, at *8 (D. Colo. Feb. 4, 2013) (collecting cases); Cisneros v. Colorado, No. 03-cv-02122-WDM-CBS, 2007 WL 2746756, at *6 (D. Colo. Sept. 19, 2007) (citing Sanchez, 164 F.3d at 532).

Furthermore, having her shift bid request denied does not constitute an adverse employment action. See McGowan v. City of Eufala, 472 F.3d 736, 742-43 (10th Cir. 2006) (holding that the denial of a change to the day shift is not an adverse employment action); Sanchez, 164 F.3d at 532 (holding that the denial of a teacher's transfer to a different school is not an adverse employment action).

Finally, having her quick reaction work tools torn down and being denied access to specific restrooms can only be said to be "a mere inconvenience" and nothing more. These actions do not constitute a significant change in plaintiff's employment status.

For the above reasons, the court finds that the actions found in plaintiff's Third EEO complaint only caused plaintiff *de minimis* harm, both individually and in the aggregate. As such, the court finds that the actions do not constitute adverse employment actions, and thus plaintiff has failed to meet her burden to establish a prima facie case of retaliation. Summary judgment should be granted in favor of defendant on the remaining portion of plaintiff's Claim Two.

**2. Claim Six - Equal Pay Act**

To establish a prima facie case under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), a plaintiff "has the burden of proving that (1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under such

9

circumstances." Tidwell v. Fort Howard Corp., 989 F.2d 406, 409 (10th Cir. 1993) (citing Corning Glass Works v. Brennan, 417 U.S. 188 (1974)). "If a prima facie case is so established under the EPA the defendant must undertake the burden of persuading the jury that there existed reasons for the wage disparity which are described in the [EPA]." Tidwell, 989 F.2d at 409 (emphasis in original). If the defendant fails in this respect, the plaintiff will prevail on her prima facie case. Id. Thus, under the EPA, "the onus is on the employer to establish that the pay differential was premised on a factor other than sex. Under Title VII, however, the plaintiff must prove that the employer had a discriminatory intent." Id.

Defendant argues it is entitled to judgment on the pleadings and summary judgment on plaintiff's EPA claim. Defendant contends that Claim Six, as pleaded in plaintiff's First Amended Complaint (Docket No. 9), is insufficient in that it contains "absolutely no specifics" and "fails to identify any male counter-parts being paid more, fails to identify any amounts of pay differential, or any time period of the pay differential." Plaintiff did not provide any response to defendant's arguments regarding Claim Six. The court finds that plaintiff is entitled to judgment on the pleadings.

A motion for judgment on the pleadings is analyzed using the same standard that applies to a Rule 12(b)(6) motion. Park Univ. Enters. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

The court agrees with defendant that plaintiff's First Amended Complaint (Docket No. 9) does not contain any specific allegations regarding plaintiff's EPA claim. Plaintiff only includes conclusory allegations that track the elements of an EPA claim. No specific allegations are made. This is clearly inadequate and entitles defendant to judgment on the pleadings. A complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." See Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

Accordingly, the court finds that defendant is entitled to judgment on the pleadings as to Claim Six, and that claim should be dismissed in its entirety.

**RECOMMENDATION**

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendant's Motion for Summary Judgment, Judgment on

12

the Pleadings (Docket No. 31) be **GRANTED** insofar as summary judgment should be granted as to relevant portion (as outlined above) of Claim Two and judgment on the pleadings should be granted as to Claim Six.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: September 23, 2013        s/ Michael J. Watanabe
      Denver, Colorado          Michael J. Watanabe
                                United States Magistrate Judge